**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-01264-PAB-NYW

CLINTON A. BROWNWOOD,

Plaintiff,

v.

WELLS TRUCKING, LLC,

Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

A scheduling conference was held on July 26, 2016 at 9:30 a.m.  Appearing for the parties were the following:

| Attorney for Plaintiff: | Attorney for Defendant: |
|---|---|
| Sara Green | Lee J. Morehead |
| Bachus & Schanker, LLC | Otis, Bedingfield & Peters, LLC |
| 1899 Wynkoop, Suite 700 | The Doyle Building |
| Denver, Colorado 80202 | 1812 56th Avenue |
| Tel: 303-893-9800 | Greeley, CO 80634 |
| Fax: 303-893-9900 | Tel: 970-330-6700 |
| sara.green@coloradolaw.net | lmorehead@nocoattorneys.com |

**2. STATEMENT OF JURISDICTION**

Jurisdiction is invoked pursuant to 28 U.S.C §§ 451, 1331, and 1343.  This action is authorized and instituted by Titles I and V of the Americans with Disabilities Act of 1990, (Pub. L. 101-336) ("ADA"), as amended, Title 42 of the United States Code, § 12101, et seq.

### 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:**

Plaintiff Clinton A. Brownwood is a 38-year old male (9/5/1977) who suffers from morbid obesity. He began working for Defendant Wells Trucking, LLC ("Wells Trucking") on approximately October 8, 2012, as a Lowboy Driver and/or Truck Driver. This position required Mr. Brownwood to maintain a commercial driver's license. While working as a truck driver, Mr. Brownwood also operated bull dozers, front end loaders, as well as other heavy equipment. He did so to fill in when extra help was needed. Mr. Brownwood showed an interest in the equipment operator position and requested that Wells Trucking consider him for a permanent position. Wells Trucking ignored Mr. Brownwood's request, while telling other employees that Mr. Brownwood was "too fat" to be an operator. Wells Trucking repeatedly ignored Mr. Brownwood's request for a promotion, which would have provided him with an increase in wages. Mr. Brownwood's weight never played an issue when we would fill in to help out with the operation of heavy equipment. Mr. Brownwood's weight was the only thing at issue when it came to receiving a promotion. Wells Trucking, rather than hiring Mr. Brownwood, hired other workers to fill the needs in the equipment operator position. Wells Trucking violated the ADA when it failed to promote Mr. Brownwood to equipment operator.

Mr. Brownwood later lost his commercial driver's license as a direct result of his obesity, a protected disability under the ADA. Mr. Brownwood understood that he could no longer work as a truck driver without the commercial driver's license. Mr. Brownwood requested an accommodation for the equipment operator position for which Wells

Trucking previously failed to promote Mr. Brownwood. Although Mr. Brownwood met the qualifications for the position, and there was an opening for the position, Wells Trucking terminated Mr. Brownwood and hired another individual in his place. The failure to accommodate and resulting termination is a violation of the ADA.

**Defendant:**

Wells Trucking has not filed an Answer or other responsive pleading to the Complaint due on or before August 5, 2016. Wells Trucking anticipates filing a Motion to Dismiss both of Mr. Brownwood's claims: discrimination and retaliation under the ADA. Mr. Brownwood has not pled sufficient facts showing either of his claims is plausible.

Mr. Brownwood cannot satisfy the first element of his discrimination claim that he is disabled as defined by law. A plaintiff can show he is disabled as defined by law by (1) having an impairment that substantially limits a major life activity, (2) having a record of impairment that substantially limits a major life activity, or (3) being regarded as having an impairment that substantially limits a major life activity. Mr. Brownwood's discrimination claim, however, hinges on Wells Trucking's alleged failure to accommodate. For failure to accommodate claims, "regarded as" disability is not available to show Mr. Brownwood is disabled as defined by the ADA. Thus, Mr. Brownwood must show, or at least allege, that he has an impairment or record of impairment that substantially limits a major life activity.

For an impairment to satisfy the ADA's definition of disability, Mr. Brownwood must (1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities. Mr. Brownwood failed to

identify any major life activities and thus has failed to allege how his impairment limits any major life activity. As such, Mr. Brownwood's discrimination claim is implausible.

Mr. Brownwood's retaliation claim is also not plausible because he cannot satisfy the first or third element. To succeed on this claim, Mr. Brownwood must show (1) he engaged in a protected activity, (2) a reasonable employee would have found the challenged action adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action. Mr. Brownwood alleges his protected activity was requesting accommodation, a protected activity. However, the specific accommodation Mr. Brownwood alleges was a request for a promotion to an equipment operator position. A promotion is not a reasonable accommodation pursuant to the ADA and therefore is not a protected activity. Thus, Mr. Brownwood did not engage in a protected activity as required for a retaliation claim.

To establish the third element, Mr. Brownwood must show that but for him requesting a promotion, he would have received it. The allegation is illogical and alleges an absurd outcome. If Mr. Brownwood never asked, he would not have been promoted which is the same result from his alleged request. The failure to promote would have happened regardless of the protected activity, thus, the retaliation claim is implausible.

To the extent that the Court denies in whole or in part the Motion to Dismiss, Wells Trucking expects to deny Mr. Brownwood's claims.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Wells Trucking is a Colorado limited liability company.
2. Mr. Brownwood filed a Charge of Discrimination with the EEOC.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:**

Plaintiff seeks to recover damages as follows:

Mr. Brownwood made $18 per hour while working for Wells Trucking. He worked approximately 60 hours per week leading up to his job separation on September 23, 2014. Mr. Brownwood earned approximately $720.00 per week in straight time (40 hours x $18/hr) and $540.00 per week in overtime (20 hours x $27/hr). Mr. Brownwood is claiming economic damages in the approximate amount of $1,260.00 per week. This amount may be adjusted based on Mr. Brownwood's pay records once disclosed. Mr. Brownwood was unable to find work from September 23, 2014, until approximately September 1, 2015, or alternatively, 49 weeks. Mr. Brownwood estimates his current economic damages for this time period to be $61,740.00. Mr. Brownwood intends to supplement these damages calculations once his pay records are produced by Wells Trucking. Mr. Brownwood continues to suffer ongoing economic losses based on the difference in pay rate he receives in his current position and will continue supplement damages figures accordingly.

Mr. Brownwood also seeks to recover damages resulting from the loss of benefits that he received while being employed by Wells Trucking. These amounts will be calculated at the time of the initial disclosures.

Plaintiff will seek noneconomic damages for humiliation, severe emotional pain, inconvenience, and mental anguish.

Plaintiff will seek punitive damages in accordance with the statutory caps.

Plaintiff will also seek to recover attorney's fees, costs, interest, and expert fees. These amounts are unknown at the present time.

This method for calculating damages has been provided by Plaintiff's counsel in order to comply in good faith with the Court's instructions and Fed.R.Civ.P. 26(a)(1). Plaintiff anticipates that discovery, and documents from the Defendant, will provide a more precise measure of all damages.

**Defendant:**

Wells Trucking denies Plaintiff is entitled to any of the damages he claims above. Wells Trucking does not seek damages at this time, but reserves its right to assert any counterclaims seeking damages, and reserve its right to seek an award of attorneys' fees and costs in this matter.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) Meeting: **July 5, 2016.**

b. Names of each participant and party he represented.

> Andrew C. Quisenberry for Plaintiff.
>
> Lee J. Morehead for Defendant.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

> **On or before September 9, 2016**

d. Proposed changes if any, in timing or requirement of disclosures under Fed.R.Civ.P.26(a)(1).

The parties agree to extend the original deadline for such disclosures to avoid the need to make such disclosures in the event the Court grants the Motion to Dismiss.

6

e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which have been agreed to by the witness, all counsel, and all pro se parties.

None at this time.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of unified exhibit numbering system.

The parties agree to meet and confer regarding any discovery disputes. The parties will continue to explore the possibility of other such agreements or procedures as the case progresses. The parties agree to use a unified exhibit numbering system.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery or electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information. At this time, the parties believe that they will be able to produce emails and other electronic type documents in paper and pdf format, and thus an ESI agreement is not necessary at this time.

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. Wells Trucking remains open to further discussions of settlement at any time.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.    Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.

Six depositions per side including experts.

25 interrogatories.

b.    Limitations which any party wishes to propose on the length of depositions.

Each deposition shall be limited to one day of seven hours as set forth by Rule 30(d)(1) unless the parties agree, or the Court orders, otherwise.

c.    Limitations which any party wishes to propose on the number of depositions.

Six depositions per side including experts.

d.    Limitations which any party proposes-on number of interrogatories, requests for production of documents and/or requests for admissions.

Each party shall be limited to 25 interrogatories, 25 requests for production, and 25 requests for admission.

e.    Other Planning or Discovery Orders

The parties anticipate submitting a proposed stipulated protective order to the Court regarding information related to non-party employees, private health information, and other proprietary or private information in the event the Court does not grant the Motion to Dismiss.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: October 15, 2016

b. Discovery Cut-off: March 3, 2017.

c. Dispositive Motion Filing Deadline: April 7, 2017.

d. Expert Witness Disclosure:

  (1) State anticipated fields of expert testimony, if any.

   Experts may be needed in the area of economic losses.

   Defendants anticipate disclosing experts and/or rebuttal experts at this time in economic loss, mental health, vocational rehabilitation, employability, bariatrics, and statistics.

  (2) State any limitations proposed on the use or number of expert witnesses.

   Three (3) per side.

  (3) The Plaintiff shall designate all experts, and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 11, 2017.

  (4) The Defendant shall designate all experts, and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 8, 2017

  (5) The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P 26 (a)(2) on or before March 8, 2017.

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the Court.  In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi); the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e.     Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected length of Deposition |
|---|---|---|---|
| Plaintiff | TBD | TBD | Seven (7) hours |
| 30(b)(6) Designee | TBD | TBD | Seven (7) hours |
| Other employees of Defendant | TBD | TBD | Seven (7) hours |
| Plaintiff's Expert, if any | TBD | TBD | Seven (7) hours |
| Defendant's Expert, if any | TBD | TBD | Seven (7) hours |

f.     Deadline for Interrogatories

   45 days before the discovery cut-off.

g.     Deadline for Production of Documents and/or Admissions

   45 days before the discovery cut-off.

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____

_____

b.      A final pretrial conference will be held in this case on _____

at ___ o' clock ___ .m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

   None.

b.      Anticipated length of trial and whether trial is to the court or jury.

   The parties anticipate a five (5) day jury trial.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar with and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must

file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of ***good cause***.

DATED this ___ day of _____, 2016.

BY THE COURT:

_____
Magistrate Judge Nina Y. Wang

APPROVED:

| | |
|---|---|
| */s/Andrew C. Quisenberry* | */s/ Lee J. Morehead* |
| Andrew C. Quisenberry | Lee J. Morehead |
| Bachus & Schanker, LLC | Otis, Bedingfield & Peters, LLC |
| 1899 Wynkoop, Suite 700 | The Doyle Building |
| Denver, Colorado 80202 | 1812 56th Avenue |
| Tel: 303-893-9800 | Greeley, CO 80634 |
| Fax: 303-893-9900 | Tel: 970-330-6700 |
| Andrew.quisenberry@coloradolaw.net | lmorehead@nocoattorneys.com |
| Attorney for Plaintiff | Attorney for Defendant |