**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  16-cv-01264-NYW

CLINTON A. BROWNWOOD,

    Plaintiff,

v.

WELLS TRUCKING, LLC

    Defendant.

---

**PROTECTIVE ORDER**

---

    For good cause showing, IT IS **HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 26(c), this Protective Order is entered to protect the discovery and dissemination of trade secrets or other confidential research, development, or commercial information or information that will improperly harm, annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.

1. This Protective Order shall apply to all Protected Material as defined in Paragraph 3 below.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a), and shall include, without limitation, all "documents and electronically stored information" as defined in Rule 34, all "writings," "recordings," and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.  A draft or non-identical copy is a separate document within the meaning of this term.

3. "Protected Material" means any documents exchanged in discovery or pursuant to Rule 26(a) that constitutes sensitive personal information or confidential research, development, or commercial information, including trade secret information (the release of which to a competitor would be likely to cause damage or loss), and which is designated as "CONFIDENTIAL" as provided for in this Order.

4. The designation of "CONFIDENTIAL" is intended to encompass documents, materials, and/or information that the designating party or nonparty, <u>after review by counsel of record,</u> in good faith believes comprise or encompass confidential or proprietary information, or other commercially sensitive information of a non-public nature, including, without limitations, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents ("CONFIDENTIAL information"). CONFIDENTIAL information may also include sensitive personal information, such as Social Security numbers and other personal employment information. Information may be designated as "CONFIDENTIAL" only after review of the information, and the designation must be based on a good faith belief that the information is confidential or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G). CONFIDENTIAL information provided under this Protective Order may only be used in connection with the prosecution or defense of this action and for no other purpose.

5. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   a. Attorneys actively working on this case;
   b. Persons regularly employed or associated with the attorneys actively

        working on the case whose assistance is required by the attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. The parties;

   d. Expert witnesses and consultants retained in connection with this proceeding, to the extent that such disclosure is necessary for preparation, trial, or other proceedings in this case;

   e. The Court and its employees ("Court Personnel");

   f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. Deponents, witnesses, or potential witnesses;

   h. Other persons by written agreement of the parties.

6. Prior to disclosing any information designated as CONFIDENTIAL to any person listed above in Section 5 (other than the parties, counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order, and obtain from such person a written acknowledgment in the form set forth in EXHIBIT A to this Protective Order. All such acknowledgements shall be retained by counsel and shall be produced to opposing counsel upon three business days written request.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them, in a manner that will not interfere with their legibility, the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of Protected Material, the deposition or portions of the deposition shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record

during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within sixty (60) days after notice by the court reporter of the completion of the final transcript. During the time that information or documents designated as CONFIDENTIAL are disclosed in a deposition or hearing, any party shall have the right to exclude, from only the portion of the deposition during which the Protected Information is discussed: (1) any person not authorized to view such Protected Information; and (2) any person who has not or will not expressly agree to be bound by this Order.

9. A Party shall not be obligated to challenge the propriety of any designation of Protected Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

10. Any challenge to a designation of Protected Material under this Order shall be written, shall be served on outside counsel for the producing party, shall particularly identify the documents or information that the receiving party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such Protected Material shall be resolved in accordance with the following procedures:

    a. The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the producing party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The producing party shall have the burden of justifying the disputed designation;

    b. Failing agreement, the receiving party may bring a motion to the

                Court for a ruling that the Protected Material in question is not entitled to the status and protection of the producing party's designation. The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

    c. Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the party who designated the Protected Material in question withdraws such designation in writing; or (b) the Court rules that the Protected Material in question is not entitled to the designation.

11. The disclosure of any Protected Material designated as CONFIDENTIAL to the Court or Court Personnel may constitute a waiver of such Protected Material's confidential status. Consequently, at least three (3) days prior to any such disclosure to the Court or Court Personnel, the disclosing party shall notify the non-disclosing party either in person, in writing, or by telephone of the anticipated disclosure of Protected Material. <u>Nothing in this Protective Order may be construed as an Order of the court restricting any document or information.</u>

12. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal

       Rules of Civil Procedure. Nothing in this Protective Order shall affect any right of any party to redact information or materials for privilege, relevancy, or privacy reasons. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

13. If a party inadvertently fails to designate information or materials when producing or otherwise disclosing such information or materials, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. As soon as the receiving party is informed by the producing or designating party that it is designating previously produced information or materials as "CONFIDENTIAL," the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the information or materials that it distributed or disclosed to persons not authorized to access such information or materials, as well as any copies made by such persons.

14. All counsel for the parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

15. Within sixty (60) days after the conclusion of this case, each document and all copies that have been designated as CONFIDENTIAL shall be returned to the party that designated it, or the parties may elect to destroy such Protected Material. Where the parties agree to destroy documents designated as CONFIDENTIAL, the destroying party shall provide all parties with an affidavit confirming the destruction.

16. If any party or any other person or entity subject to this Protective Order violates same, then the producing party shall be entitled to seek legal or equitable remedies to obtain relief or enforce its rights. Each individual who receives any Protected Material,

including attorneys and other individuals no longer associated with the case, hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

**SO ORDERED AND ADJUDGED**, Denver, Colorado, this <u>15th</u> day of <u>August</u>, 2016.

<u>s/ Nina Y. Wang</u>
Nina Y. Wang
United States Magistrate Judge
District of Colorado

## EXHIBIT A - CERTIFICATION

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on this __ day of _____, 2016 in Clinton A. Brownwood v. Wells Trucking, LLC, Civil Action No. 16-cv-01264-NYW, that he/she is one of the persons contemplated in paragraph 5 thereof as authorized to receive disclosure of CONFIDENTIAL by any of the Parties or by third Parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of any proceedings relating to performance under, compliance with, or violation of the above-described Order.

Dated this ___ day of _____, 201_.

                                                         _____
                                                        Signature

                                                        _____
                                                        Print Name