IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  16-cv-01264-PAB-NYW

CLINTON A. BROWNWOOD,

      Plaintiff,

v.

WELLS TRUCKING, LLC

      Defendant.

---

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

---

      Defendant, Wells Trucking, LLC ("Wells Trucking"), by and through its undersigned counsel, Otis, Bedingfield & Peters, LLC, respectfully moves the Court to dismiss Plaintiff's claims in their entirety pursuant to Fed. R. Civ. P. 12(b)(6). As grounds therefor, Wells Trucking states as follows:

      **<u>Certificate of Conference</u>**: Counsel for Wells Trucking conferred with counsel for Plaintiff regarding the defects in Plaintiff's Complaint, ECF No. 1, on July 19, 2016.  Plaintiff did not take action to attempt to correct such defects prior to the time Wells Trucking was required to respond to the Complaint, and, accordingly, Wells Trucking filed its Motion to Dismiss the Complaint on August 5, 2016.  ECF No. 15.  Plaintiff then filed the Amended Complaint on August 26, 2016, ECF No. 19, and the Court entered an Order on August 30, 2016 denying the Motion to Dismiss as moot.  ECF No. 20.  The Amended Complaint suffers from the same defects as the original Complaint, such that Wells Trucking now files this Motion to Dismiss the Amended Complaint for the same reasons.

# I.
## INTRODUCTION

1.      In his Amended Complaint, Plaintiff alleges two claims against Wells Trucking:

discrimination and retaliation under the Americans with Disabilities Act of 1990, Pub. L. No.

101-336, 104 Stat. 328 (the "ADA"). Although he amended his Complaint, Plaintiff continues to

fail to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6)

because he fails to plead any facts establishing the first and third elements of his retaliation claim

and the first element of his discrimination claim.

2.      First, Plaintiff's retaliation claim must be dismissed.  The elements of a retaliation claim

are (1) engaging in a protected activity, (2) an adverse action, and (3) a causal connection

between the protected activity and the adverse action. The only alleged protected activities

Plaintiff engaged in were (1) asking for a promotion to equipment operator, and (2) Plaintiff's

supervisor asking Wells Trucking to pay for Plaintiff's sleep apnea test. Not only did Plaintiff

himself not engage in the alleged protected activity of requesting payment for medical treatment,

but as a matter of law, neither asking for a promotion nor asking for an employer to pay for

medical treatment is a protected activity.

3.      Plaintiff also fails to allege any facts showing a causal connection between asking for a

promotion or payment of medical treatment and the denial of a promotion. Plaintiff fails to allege

that he would have been promoted to equipment operator but for asking. Plaintiff would not have

been promoted regardless of whether he asked. Further, Plaintiff himself did not ask Wells

Trucking to pay for his sleep apnea test, meaning there can be no causal connection to a denial of

a promotion for an activity in which he never engaged.

4.      Second, Plaintiff's discrimination claim must be dismissed.  Plaintiff's discrimination

claim fails because he has not alleged facts showing he is disabled as defined by law, the first

element of a discrimination claim. To be disabled as defined by law requires an impairment or a record of an impairment. To be impaired as defined by law, Plaintiff must (1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities.  Plaintiff fails to identify any major life activities in his Amended Complaint and thus also fails to allege how his alleged impairment, morbid obesity, limits any major life activities.

5.       Plaintiff erroneously contends that he can satisfy the disability requirement as defined by law through allegations that Wells Trucking "regarded" him as disabled, given the numerous additional allegations he makes in his Amended Complaint on this issue. The "regarded as" option for establishing a disability as defined by law, however, is not available for failure to accommodate claims. Plaintiff's discrimination claim is a failure to accommodate because he alleges Wells Trucking failed to reasonably accommodate his disability with a promotion to equipment operator and paying for a sleep apnea test.

6.       Plaintiff has been on notice of these issues and has amended his Complaint in an attempt to overcome them. The Amended Complaint fails to cure these fatal defects, and thus dismissal with prejudice is required.

## II.
## STANDARD OF REVIEW

7.       "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.' A plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

8.       "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in

her complaint, the elements of each alleged cause of action help to determine whether Plaintiff

has set forth a plausible claim." *Khalik*, 671 F.3d at 1191.

9.      In addressing a discrimination claim like the claim here, the *Khalik* court noted that a

"Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of

events leading up to her termination, are insufficient to survive a motion to dismiss." *Id* at 1193.

### III.
### ARGUMENT

**A.    Plaintiff's Retaliation Claim Fails as a Matter of Law Because Plaintiff Fails to Allege Any Facts Supporting the First and Third Elements.**

10.     "To establish a prima facie case of retaliation under the ADA, [a plaintiff] must show:

'(1) that he engaged in protected [activity] …, (2) that a reasonable employee would have found

the challenged action materially adverse, and (3) that a causal connection existed between the

protected activity and the materially adverse action.'" *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1193

(10th Cir. 2007) (quoting *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1228 (10th Cir.

2006)). Plaintiff's allegations fail to establish the first and third elements.

### 1.    *Requests for Promotions and Payment of Medical Treatment Are Not Protected Activities as a Matter of Law.*

11.     Plaintiff failed to make any allegations showing he engaged in a protected activity

because the two alleged protected activities, requesting a promotion permanently and

temporarily, and someone else asking Wells Trucking to pay for Plaintiff's sleep apnea test, are

not protected activities as a matter of law. Protected activities include (1) opposing

discriminatory practices, or (2) participating in proceedings under the ADA. 42 U.S.C. § 2000e-

3(a). Requesting a reasonable accommodation is participating in a proceeding under the ADA

and is therefore a protected activity. *Jones*, 502 F.3d at 1194.

12.     Plaintiff contends that the first of two alleged protected activities was his requesting a

promotion from his Truck Driver position to an equipment operator position.  Am. Compl., ECF No. 19, ¶¶ 15, 18, 19, 22.  Plaintiff consistently alleges the equipment operator position is a "promotion" from his Truck Driver position. *Id.*

13.     A promotion, however, is not a reasonable accommodation, and thus requesting a promotion is not a protected activity.  "[T]he ADA does not require an employer to <u>promote</u> a disabled employee as an accommodation, nor must an employer reassign the employee to an occupied position, nor must the employer create a new position to accommodate the disabled worker." *White v. York Intern. Corp.*, 45 F.3d 357, 362 (10th Cir. 1995) (emphasis added).

14.     As his second of two alleged protected activities, Plaintiff contends that Wells Trucking did not pay for a sleep apnea test.  Am. Compl. ¶ 35.  Fatally, though, Plaintiff does not allege that he ever engaged in this activity.  Plaintiff alleges that he told Wells Trucking he could not afford to pay for the sleep apnea test.  *Id.* Afterwards, Plaintiff alleges that a different employee, Mr. Owens, spoke to Wells Trucking stating Plaintiff needed assistance in paying for the test.  *Id.* at ¶ 36. Therefore, Plaintiff does not allege that he actually asked Wells Trucking to pay for the sleep apnea test.

15.     Further, even to the extent someone other than Plaintiff engaging in a protected activity may satisfy the first element of Plaintiff's retaliation claim, payment for medical treatment is not a reasonable accommodation no matter who asks for it. In example, an employer is not required to provide an employee with a prosthetic limb, wheelchair, or eyeglasses as a reasonable accommodation because each would benefit the employee off the job as well as on the job.  *See* 29 C.F.R. § 1630.9.  Thus, "[t]he employer is not required to pay for the treatment itself, since the medical treatment benefits the employee both on and off the job, not just in his capacity as an employee." *Schmidt v. Safeway Inc.*, 864 F. Supp. 991, 996 (D. Or. June 9, 1994).

16.     Plaintiff further alleges that he must have an annual medical checkup to maintain his Commercial Driver's License.  Am. Compl. ¶ 31.  While this allegation is a correct statement of the applicable requirement, it is not Wells Trucking's requirement but instead a requirement of the Federal Motor Carrier Safety Administration. 49 CFR 391.41(a)(3). Plaintiff alleges that a physician would not approve of Plaintiff's fitness for continued licensing without a sleep apnea test. Am. Compl. ¶ 32.  Plaintiff further alleges that Wells Trucking would not pay for the sleep apnea test. *Id.* at ¶ 37. The sleep apnea test would benefit Plaintiff both on and off the job. As it relates to his Commercial Driver's License, the sleep apnea test benefited Plaintiff both on and off the job because it allowed his Commercial Driver's License to be reinstated so he could drive any commercial vehicle, whether individually or for any other employer. *Id.* at ¶ 54. Failure to pay for a sleep apnea test is not a reasonable accommodation as a matter of law, and therefore someone else asking Wells Trucking to pay for one is not a protected activity.

### 2.     *Plaintiff Fails To Allege a Causal Connection Between the Adverse Action and Protected Activity.*

16.     The third element of Plaintiff's discrimination claim is a "but-for" analysis: the alleged adverse action would not have occurred but for engaging in the protected activity. 42 U.S.C. § 12203.

17.     The only adverse actions Plaintiff alleges is that he was denied a promotion to an equipment operator position, and that Wells Trucking failed to pay for his sleep apnea test.  Am. Compl. ¶¶ 15, 18, 19, 22, 37.

18.     Plaintiff's asking for a promotion did not cause him to be terminated from the Truck Driver position. Instead, as pleaded, Plaintiff contends he could no longer work as a Truck Driver because he lost his qualifications to hold a Commercial Driver's License because of his disability. *Id.* at ¶ 31-32, 43. Maintaining a Commercial Driver's License is an essential job

function of the Truck Driver position. *Id.* at ¶ 11. Thus, Plaintiff's termination from the Truck Driver position is not, as pleaded, an adverse action.

19.     The causal connection is missing between the alleged adverse actions (denial of promotion) and requesting the same promotion.  Plaintiff alleges the reason he was denied the promotion was because Wells Trucking discriminated against him for being morbidly obese, not for requesting a promotion. *Id.* at ¶ 63. If Plaintiff did not request the promotion, thereby not engaging in the alleged protected activity, he would have still not been promoted, according to his own allegations. If Plaintiff had not asked to be promoted, he would not have been promoted.

20.     Similarly, the causal connection between the denial of a promotion and requesting payment for medical treatment is lacking because Plaintiff himself never engaged in the activity.

**B.      Plaintiff's Discrimination Claim Fails as a Matter of Law Because the Allegations Fail To Establish the First Element – That He Is Disabled.**

21.     To prevail on an ADA discrimination claim, Plaintiff must show (1) that he has a disability as defined by law; (2) that he is qualified for the job (*i.e.*, can perform the essential functions with or without reasonable accommodation); and (3) that the plaintiff suffered an adverse employment action based on disability. *White*, 45 F.3d at 360. In this case, Plaintiff fails to plead any allegations establishing the first element, that he is disabled as defined by law.

22.     To satisfy the first element, Plaintiff must show either that (1) he has an impairment that substantially limits a major life activity; (2) he has a record of an impairment that substantially limits a major life activity; or (3) he is regarded as having an impairment that substantially limits a major life activity. 42 U.S.C. § 12102(2); 29 U.S.C. § 706(8)(B). "Regarded as" disabled, however, cannot support a failure to accommodate claim. 42 U.S.C. § 12201(h) (superseding *Kelly v. Metallics West*, 410 F.3d 670 (10th Cir. 2005) (holding employers are obligated to reasonably accommodate employees who are regarded or perceived as disabled)).

23.     Here, Plaintiff's discrimination claim is a failure to accommodate claim because Plaintiff's termination from the truck driver position resulted from him no longer having a Commercial Driver's License. Based upon his pleading, Plaintiff's termination from the Truck Driver position was not based on disability discrimination, but based on Plaintiff's inability to perform an essential job function – legally drive a commercial vehicle. *See Smith v. Blue Cross Blue Shield of Kansas, Inc.*, 102 F.3d 1075, 1076 (10th Cir. 1996); *see also Wilkerson v. Shinseki*, 606 F.3d 1256, 1263-64 (10th Cir. 2010). Thus, Plaintiff's discrimination claim can only be a failure to accommodate regarding a promotion and payment of a sleep apnea test. Am. Compl. ¶¶ 51, 52, 63-65. As a result, to state a claim for relief for failure to accommodate, Plaintiff must have an impairment that substantially limits a major life activity or a record of such impairment.

24.     "'To satisfy the ADA's definition of disability, a plaintiff must (1) have a recognized impairment, (2) <u>identify</u> one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities.'" *Scavetta v. Dillion Companies, Inc.*, 569 Fed. App'x 622, 624 (10th Cir. 2014) (emphasis added) (quoting *Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007)); 42 U.S.C.A. § 12101(2). Plaintiff fails to identify a single major life activity in his Amended Complaint and thus cannot satisfy the second or third elements of the definition of disability as a matter of law.

25.     "[N]ot every impairment will constitute a disability within the meaning of this section." 29 C.F.R. § 1630.2(j)(1)(ii). "The determination of whether an impairment substantially limits a major life activity requires an individualized assessment." 29 C.F.R. § 1630.2(j)(1)(iv). Morbid obesity is not one of the impairments that is "virtually always [ ] found to impose a substantial limitation on a major life activity." 29 C.F.R. § 1630.2(j)(3)(ii). Where a plaintiff fails to

establish that obesity affects one or more body systems, a claim for discrimination necessarily fails. *Morriss v. BNSF Ry. Co.*, No. 8:13CV24, 2014 WL 6612604, at *3 (D. Neb. Nov. 20, 2014), *aff'd*, 817 F.3d 1104 (8th Cir. 2016).

26.     Nowhere in the Complaint does Plaintiff identify any major life activities affected by his morbid obesity. Instead, Plaintiff alleges that morbid obesity is sometimes construed as a disability under the ADA. Am. Compl. ¶ 25.  This statement may be true where the plaintiff identifies major life activities affected by his/her obesity, *see Powell v. Gentiva Health Servs., Inc.,* No. CIV.A. 13-0007-WS-C, 2014 WL 554155, at *5 (S.D. Ala. Feb. 12, 2014), *appeal dismissed* (May 19, 2014), but here, no such major life activities are alleged.  Plaintiff further alleges that morbid obesity often substantially limits major life activities. Am. Compl. ¶ 27. This may also be true, however, "the critical question for purposes of assessing whether [plaintiff] is 'disabled' for ADA purposes is whether [his] obesity substantially limits one or more of [his] major life activities." *Powell,* 2014 WL 554155, at *5 (emphasis added).

27.     Here, Plaintiff fails to allege anything regarding how his disability of morbid obesity substantially limits any of his major life activities. Even after amending his Complaint, Plaintiff still fails to allege any major life activities his morbid obesity affects. Instead, the Amended Complaint alleges only that for some people, morbid obesity affects unspecified major life activities. After failing in two opportunities to adequately assert a claim, it is clear that Plaintiff's morbid obesity does not affect any of his substantial life activities, especially given that Plaintiff was and is currently able to work as a licensed truck driver. Am. Compl. ¶¶ 12, 54.

## IV.
## CONCLUSION

28.     The Court must dismiss Plaintiff's claims with prejudice because Plaintiff's allegations fail, as a matter of law, to show Plaintiff is entitled to any relief. For his retaliation claim,

Plaintiff's allegations fail to show Plaintiff engaged in any protected activities. Further, even if the alleged activities are protected by the ADA, although they are not, Plaintiff has not alleged how his denial of a promotion was caused by these activities. As to Plaintiff's discrimination claim, Plaintiff fails to establish the first element that he is disabled because he fails to identify a single life activity affected by his obesity.  In the Amended Complaint, Plaintiff still cannot state a claim upon which relief may be granted. Dismissal of all claims with prejudice is therefore required as a matter of law.

DATED this 9th day of September, 2016.

*s/ Lee J. Morehead*
Lee J. Morehead
Timothy R. Odil
OTIS, BEDINGFIELD & PETERS, LLC
1812 56th Avenue
Greeley, CO 80634
Telephone: (970) 330-6700
Email:  lmorehead@nocoattorneys.com
          todil@nocoattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2016 I electronically filed the foregoing **Defendant's Motion to Dismiss Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrew Curry Quisenberry
Sara Ann Green
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Attorney for Plaintiff

*s/ Lee J. Morehead*