IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01264-PAB-NYW

CLINTON A. BROWNWOOD,

    Plaintiff,

v.

WELLS TRUCKING, LLC,

    Defendant.

---

# ORDER

---

This matter is before the Court on Defendant's Motion to Dismiss Amended Complaint [Docket No. 21]. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Defendant Wells Trucking, LLC hired plaintiff Clinton A. Brownwood as a truck driver in October, 2012. Docket No. 19 at 2, ¶ 9. Defendant required plaintiff to maintain an active Commercial Driver's License ("CDL") in order to work as a truck driver. *Id.* at 3, ¶ 11. On multiple occasions, plaintiff requested "that he be considered and promoted for a permanent Operator position." *Id.* at 3, ¶ 15. The operator position did not require a CDL or other certification. *Id.*, ¶ 16. On one occasion, Nate Owens, a lead manager for defendant, told plaintiff that he was "too fat" to be an operator. *Id.*

---

[1] The facts below are taken from plaintiff's amended complaint, Docket No. 19, and are presumed to be true for purposes of this motion to dismiss.

at 4, ¶ 24.

Plaintiff suffers from morbid obesity. *Id.* at 4, ¶ 25. As a result, a physician required plaintiff to take a sleep apnea test before the physician would approve plaintiff for his CDL-required physical. *Id.* at 5, ¶ 32. Plaintiff was unable to pay for the required test. *Id.*, ¶¶ 34-35. Plaintiff spoke with Mr. Owens about whether defendant would help plaintiff to pay for the sleep apnea test, but defendant refused to provide financial assistance. *Id.*, ¶¶ 36-37. Following plaintiff's request for assistance with the sleep apnea test, defendant informed plaintiff that it intended to terminate his employment. *Id.* at 6, ¶ 39. Plaintiff once again "requested a promotion, or at the very least a temporary accommodation, and to be placed in the Operator position." *Id.*, ¶ 40.

Defendant refused to pay for the sleep apnea test or allow plaintiff to work in the operator position until he could take the sleep apnea test. *Id.*, ¶ 42. Defendant terminated plaintiff on September 22, 2014. *Id.*, ¶ 44.

On May 25, 2016, plaintiff filed this lawsuit against defendant. Docket No. 1. Plaintiff's amended complaint seeks relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. Docket No. 19 at 7-9, ¶¶ 55-72. Specifically, plaintiff claims that defendant discriminated against him in violation of 42 U.S.C. § 12112 and retaliated against him in violation of 42 U.S.C. § 12203. *Id.* Defendant has moved to dismiss both of plaintiff's claims. Docket No. 21.

## II. LEGAL STANDARD

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint

2

alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III. ANALYSIS

### A. Plaintiff's Discrimination Claim

The ADA prohibits discrimination "against a qualified individual on the basis of disability." *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016) (quoting 42 U.S.C. § 12112(a)). In order to establish a discrimination claim under the ADA, "a plaintiff must show that (1) he is disabled as defined under the [ADA]; (2) he is qualified, with or without reasonable accommodation by the employer, to perform the essential functions of the job; and (3) he was discriminated against because of his disability." *Id*. at 1304.

The amended complaint states that defendant perceived plaintiff as being disabled and "believed that because Brownwood is morbidly obese that he would be unable to perform functions of the Operator position." Docket No. 19 at 7-8, ¶¶ 58-59. In addition, the amended complaint states that, because defendant perceived plaintiff as disabled, defendant failed to promote plaintiff, failed to provide a temporary accommodation to plaintiff, and failed to "aid [plaintiff] in his ability to take the sleep apnea test." *Id.* at 8, ¶¶ 63-65.

Defendant argues that plaintiff's discrimination claim should be dismissed because plaintiff's amended complaint does not allege the first element of a discrimination claim: that plaintiff is disabled within the meaning of the ADA. Docket No. 21 at 7-9, ¶¶ 21-27. Plaintiff responds that "[b]ecause Plaintiff alleges that Defendant perceived him as disabled, Plaintiff is disabled as a matter of law pursuant to 42 U.S.C. § 12102(3)." Docket No. 22 at 5.

The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities for such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Id.* (quoting 42 U.S.C. § 12102(1)). Plaintiff does not claim that his morbid obesity limits one or more major life activities, *see generally* Docket No. 19, and therefore the amended complaint fails to state a claim based on the first or second categories of disability. *Scavetta v. Dillon Companies, Inc.*, 569 F. App'x 622, 624 (10th Cir. 2014) (unpublished) (noting that to satisfy the ADA's definition of disability a plaintiff must show that an impairment substantially limits one or more major life activities). Plaintiff concedes as much, but argues that dismissal is inappropriate because the amended complaint adequately alleges that defendant regarded plaintiff as disabled. Docket No. 22 at 5.

In order to demonstrate that plaintiff is "regarded as" disabled, plaintiff must establish "that he . . . has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment *whether or not the impairment limits or is perceived to limit a major life activity.*" *Adair*, 823 F.3d at 1305 (quoting 42 U.S.C. § 12102(3)(A)) (emphasis in original)). In other words, "an impairment under § 12102(1)(C) need not limit or even be perceived as limiting a major life activity – the employer need only regard the employee as being impaired, whether or not the employer also believed that the impairment prevented the employee from being able to perform a major life activity." *Adair*, 823 F.3d at 1305-06.

Defendant claims that plaintiff is required to allege that "(1) [Wells Trucking] mistakenly believes that [plaintiff] has a physical impairment that substantially limits one or more <u>major life activities</u>, or (2) [Wells Trucking] mistakenly believes that an actual,

5

nonlimiting impairment substantially limits one or more major life activities." Docket No. 25 at 7 (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999)). However, this test was overruled when Congress amended the ADA and modified the statutory definition of a "regarded as" discrimination claim. *See Adair*, 823 F.3d at 1305 (discussing *Sutton* and noting the Congressional modification of the "regarded as" test).

"Under the [ADA], the only qualification for an impairment in a 'regarded as' claim is that the impairment not be 'transitory and minor.'" *Adair*, 823 F.3d at 1306. Plaintiff specifically alleges, and defendant does not dispute, that his obesity is not transitory. Docket No. 19 at 4, ¶ 29. Accordingly, plaintiff has adequately alleged that he is regarded as disabled under the ADA.

Defendant argues that, even if plaintiff has adequately alleged that he was "regarded as" disabled, his discrimination claim should be dismissed because an individual is not entitled to reasonable accommodations when he is merely "regarded as" disabled. Docket No. 21 at 8, ¶ 23. An employer is obligated to make accommodations for "known physical or mental limitations of an otherwise qualified individual," *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1315 (10th Cir. 2017) (quotation omitted), but "[a] covered entity . . . is not required to provide a reasonable accommodation to an individual who meets the definition of disability solely under the 'regarded as' prong." 29 C.F.R. § 1630.2(o)(4); *see also Vannattan v. VendTech-SGI, LLC*, 2017 WL 2021475, at *7 (D. Kan. May 12, 2017) (citing 42 U.S.C. § 12201(h); 29 C.F.R. § 1630.2(o)(4)).

The amended complaint alleges three discriminatory acts: failure to promote, failure to "provide a temporary accommodation," and failure to "aid Brownwood in his

6

ability to take the sleep apnea test." Docket No. 19 at 8, ¶¶ 63-65. In his response to the motion to dismiss, plaintiff identifies the same conduct. *See* Docket No. 22 at 6-7 (stating that defendant discriminated by "failing to provide him the promotion to which he was entitled based solely on Defendant's perception of his morbid obesity," and that "Defendant refused to consider Plaintiff's request [for a temporary accommodation] because of his morbid obesity."). Two of the discriminatory acts identified by plaintiff relate to requests for accommodation: his request for a temporary accommodation and his request for assistance in taking the sleep apnea test. *See* Docket No. 19 at 8, ¶¶ 64-65. These aspects of plaintiff's claim are barred by statute because defendant is not required to accommodate plaintiff based solely on a perceived disability. 29 C.F.R. § 1630.2(o)(4). However, plaintiff's claim also states that he was denied a promotion. Docket No. 19 at 8, ¶ 63; Docket No. 22 at 6. This aspect of plaintiff's claim is not barred by statute because it does not relate to a request for an accommodation.[2]

Accordingly, defendant's motion to dismiss is denied as to plaintiff's claim that defendant discriminated against him by failing to promote him.

### B. Plaintiff's Retaliation Claim

Plaintiff claims that defendant retaliated against him in violation of the ADA. Docket No. 19 at 9, ¶¶ 67-72. The ADA states, in relevant part, that "[n]o person shall

---

[2] Defendant argues that "Plaintiff's discrimination claim is a failure to accommodate claim because Plaintiff's termination from the truck driver position resulted from him no longer having a Commercial Driver's License." Docket No. 21 at 8, ¶ 23. The amended complaint, however, states that plaintiff requested a promotion to an operator position on multiple occasions before he had issues renewing his CDL. *See* Docket No. 19 at 3, ¶ 15. Plaintiff's claim that defendant discriminated against him by failing to promote him is distinct from his claim that he was entitled to an accommodation. *See* Docket No. 22 at 6 (discussing the two allegations separately).

7

discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a); *see also Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1186 (10th Cir. 2016).

In order to establish a prima facie case of retaliation, the plaintiff must demonstrate that "(1) he 'engaged in a protected activity'; (2) he was 'subjected to [an] adverse employment action subsequent to or contemporaneous with the protected activity'; and (3) there was a 'causal connection between the protected activity and the adverse employment action.'" *Foster*, 830 F.3d at 1186-87 (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999)).

In order to adequately allege that he engaged in a protected activity, a plaintiff must allege that he made an "adequate request for an accommodation sufficient to qualify as protected activity." *Id.* at 1187. Second, the plaintiff must demonstrate that he had a "reasonable, good faith belief that he was entitled to an accommodation." *Id.* (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1194-95 (10th Cir. 2007)).

### 1. *Protected Activity*

"Activity protected from retaliation under the ADA includes not only bringing or participating in formal actions to enforce ADA rights, but also informal activity such as requesting an accommodation for a disability." *Fieni v. Franciscan Care Ctr.,* 2011 WL 4543996, at *7 (E.D. Pa. Sept. 30, 2011) (citing *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 191 (3d Cir. 2003)). The Tenth Circuit has stated that a request for

reassignment may constitute a protected activity under the ADA where the employer is aware that the request constitutes a request for a reasonable accommodation. *Jones*, 502 F.3d at 1194.

Plaintiff argues that he engaged in three protected activities: first, he requested to be promoted to an operator position; second, he requested to be reassigned to an operator position as a temporary accommodation; and third, "Plaintiff requested that Defendant aide [sic] him in paying for the sleep apnea test so that he could renew his commercial driver's license." Docket No. 22 at 8-9.

As to plaintiff's first alleged protected activity, his request to be promoted to an operator position, plaintiff argues that a request for a promotion can qualify as a protected activity. Docket No. 22 at 8. In support, plaintiff cites *Treglia v. Town of Manlius*, 313 F.3d 713 (2d Cir. 2002), where the court found that a plaintiff had engaged in a protected activity by filing federal and state administrative charges against his employer. *Id.* at 720. Nowhere in *Treglia* does the court identify a request for a promotion as a protected activity; instead, the court notes that a refusal to promote may constitute an adverse employment action. *Id.* Plaintiff offers no other authority to support his claim that a request for a promotion is a protected activity. Because a request for a promotion is not motivated by the plaintiff's disability,[3] a request for a promotion is unlike other activities that courts have recognized as protected. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999) ("By filing an EEOC claim, Plaintiff engaged in protected activity."); *Foster v. Mountain Coal Co.*,

---

[3]To the extent a promotion is motivated by the existence of a disability, the claim would be better characterized as a request for an accommodation.

*LLC*, 830 F.3d 1178, 1188 (10th Cir. 2016) ("this court . . . recognize[s] that a request for accommodation can constitute protected activity supporting a retaliation claim.").

Plaintiff's second alleged protected activity, his request for an accommodation, is similarly unfounded. Plaintiff's amended complaint repeatedly and consistently identifies the operator position as a promotion. Docket No. 19 at 3-6, ¶¶ 15, 18-19, 22, 24, 40. "Congress has [] significantly cabined the obligation to offer reassignment to a qualified employee who is disabled so as to ensure that it is not unduly burdensome, or even particularly disruptive, of an employer's business." *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1170 (10th Cir. 1999). "[T]he only positions that need to be considered for a re-assignment are those that are not promotions." *Id*. at 1176. Because a promotion is not a reasonable accommodation, plaintiff's request to be offered an operator position did not constitute a protected activity.

Plaintiff next claims that he engaged in a protected activity by asking defendant to pay for his sleep apnea test. Docket No. 22 at 8-9. While a request for medical leave of a finite duration might constitute a reasonable accommodation, *see Hwang v. Kansas State Univ.*, 753 F.3d 1159, 1163 (10th Cir. 2014), plaintiff cites no authority supporting an employer's duty to pay for an employee's medical treatment as part of a reasonable accommodation. Reasonable accommodations apply only to job adjustments or modifications. *Desmond v. Yale-New Haven Hosp., Inc.*, 738 F. Supp. 2d 331, 350 (D. Conn. 2010) ("Nothing in the text of the ADA or in the regulations promulgated thereunder contemplate that an employer should be required to provide a disabled employee with medical treatment in order to restore her ability to perform essential job functions."). The ADA is concerned with changes to the work

environment, not with medical treatment outside the workplace. *Id.*; *see also Brookins v. Indianapolis Power & Light Co.*, 90 F. Supp. 2d 993, 1003 (S.D. Ind. 2000) ("an employer's obligation to make 'reasonable accommodations' only extends to job-related adjustments or modifications."). Plaintiff's request for financial assistance to pay for his sleep apnea testing was not a request for changes to his work environment. Accordingly, plaintiff did not engage in a protected activity when he requested that defendant help him pay for his sleep apnea treatment.

Because plaintiff did not engage in a protected activity, his retaliation claim fails as a matter of law and will be dismissed.

## IV. CONCLUSION

Therefore, it is **ORDERED** that Defendant's Motion to Dismiss Amended Complaint [Docket No. 21] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that plaintiff's second claim for relief is dismissed with prejudice.

DATED August 22, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge